Good morning, your honors. May it please the court. My name is Justin McAdam, and together with my co-counsels Randy Elf and James Hochberg, we represent the plaintiffs' appellants Jimmy Yamada and Russell Stewart. I would like to request about two minutes for rebuttal. I will keep track of my time as the judge has suggested. Today I would like to focus my time discussing the first issue in this appeal, which is whether the defendant's I'm sorry, whether the district court erred as a matter of law when it concluded that it had, quote, no authority to award fees to the plaintiffs for their defense of the interlocutory appeal of the preliminary injunction. The district court's conclusion was erroneous for three reasons. First, Section 1988 confers jurisdiction on federal courts, federal district courts, to award fees incurred on appeal, and the Ninth Circuit's Rule 39-1.6, in which the district court relied, cannot alter that jurisdictional grant. Second, even if Rule 39-1.6 is controlling here, plaintiffs could not have complied with the rule at the time the first appeal was dismissed because they were not yet prevailing parties at the time the appeal was dismissed and could not have argued in good faith that they were legally entitled to fees as required by Rule 39-1.6. So you would say that Rule 39-1.6 does not apply to preliminary injunction appeals, period? Correct. Well, Your Honor, I guess our argument is three-pronged. So at the initial stage, I think Rule 39-1.6 certainly could apply to preliminary injunctions, perhaps as a rule of administration for this Court. But the pertinent consideration is, in the first instance, is whether 39-1.6 can actually limit the district court's jurisdiction to award fees in the first instance. Well, okay, but put aside the jurisdictional aspect of it, right? I mean, we're just looking at the language. It probably was drafted with the ordinary appeal in mind where, you know, once we decide, you know, that's sort of the end of the case. Right. So I'm just asking. So, yes, in that context, then, I believe that 39-1.6 does not apply to interlocutory appeals. You just say we should impose kind of a carve-out and say, hey, we just didn't have that. We weren't thinking about those kinds of appeals. I don't want to say it could never apply to a preliminary injunction. I suppose there might be a circumstance where a plaintiff could prevail after an appeal of a preliminary injunction. Perhaps the case becomes mooted during the appeal or right at the same time the appeal is decided. So I'd rather limit it to the notion of an interlocutory appeal, at which time, at the conclusion of which the plaintiffs are not. Well, all preliminary injunction appeals are interlocutory by definition. Absolutely. But this Court has said in the case of Watson and the Supreme Court in the case of Sylvie Weiner, has recognized that there are times when a preliminary injunction can result in a, can coincide with a final decision on the merits. So perhaps in a situation where the case is mooted, and perhaps that occurs either simultaneously with the opinion or otherwise, then at that point, 39-1.6 would, I guess, fall inside my rubric at that point, because the point being that at that point, then, plaintiffs would be able to argue that they are legally entitled. But there are preliminary injunction appeals where once the, once our Court rules, given the nature of the issue involved, everybody knows the case is over. Because let's say that there was just one purely legal issue raised, and our Court says, you know, your interpretation of the statute, for example, is correct. There's nothing more to be done in the district court on remand, other than just the ministerial act of saying, okay, well, hey, you prevailed. Now we're going to enter permanent injunctive relief, right? It seems like that's the kind of case we have here. That's the only thing that seems to me to cut against your position. Otherwise, I think you seem to be right. Well, I think there are a couple of practical points. One, the case could be appealed either to an en banc decision or could go to the Supreme Court on cert, and in which case it might not uphold that. And I think, as the briefs pointed out, there are situations, cases where two courts have viewed the notion of probability of success on the merits quite differently, both from where the district court has thought that the plaintiff was likely to succeed on the merits and the Court of Appeals disagreed, and also where the district court did not agree and the Court of Appeals said, no, you are going to succeed on the merits. So I don't think there's any reason to think that the Supreme Court will decide the case in the same way. In another instance, there's no reason to suspect that a plaintiff will continue with the appeal. There could be circumstances, practical considerations that are relevant that would cause plaintiffs not to proceed. And in this case here, they were not pursuing just the single claim. I think that's important for this case because the timing for fees is relevant. So here, the plaintiffs were proceeding both on the claims here, on which the plaintiffs ultimately did prevail at a permanent injunction, but also on the claims that Mr. Elk was just discussing with you. Together, that was one case. And in the normal course of things, you know, the burden of preparing a fee petition makes a lot more sense if done all at one time, as there are many elements of a fee petition in the preparation of a fee petition that are onerous and require a large time commitment and also vary on how long the case proceeds. For example, hourly rates, for example, are the kind of thing that are going to vary based on when exactly the fee petition is made. Right, but if you know, as you most certainly did here, that when the government dismissed its appeal, you had prevailed in every sense of the word on that one issue. Right. It's not like something was going to happen on remand that was going to undo that victory for you. Well, except that it did take nine months for any final resolution of the case to come about. Well, sort of because it was your fault mostly, right? No. They agreed to stipulate. I thought they basically said, hey, we're willing to stipulate to the entry of a permanent injunction now. And you guys resisted that for reasons I can't understand. I believe that didn't come for another four months, I believe, in the case. The offer to stipulate, to me, it's not clear that they thought the case was completely lost at that point. They, for one thing, they dismissed the appeal on the very day that the opinion came out. That's not a lot of time to digest an opinion to determine whether you really have any chance of winning. I think perhaps they thought that it might just not be worth their time at that point and would proceed forward, knowing that they might have another chance to challenge it again on a second appeal after summary judgment. I mean, why didn't you guys just file the fee petition with us? No doubt we would have said send it down to the district court and, hey, district court, you can figure it out maybe at the end of the case if that makes more sense. But I'm not sure what's the burden that was imposed upon you once you seem to have this. Of filing a fee petition? Well, I think there are two reasons. So your first question is why didn't we file it? I think, frankly, it's just an oversight. We have counsel in our office whose sole job it is to file fee petitions and who brings these things all the time. And so in most circuits, you're not required to bring such a petition. There's no rule regarding the need to bring that at the end of an appeal. You bring it all at the end before the district court. And, in fact, that's the way the Supreme Court handles it in most cases, declining a request for fees and then with no prejudice to renewal of that before the district court. So I think that's the first issue, why didn't we bring it. Having licked our wounds now, we now bring them all the time. Yeah, but that gives, under the Supreme Court rule, that gives the Supreme Court primary jurisdiction, right? In other words, it may do it that way, but that's what our Rule 39 is structured to do, which is you file with our court and we make the judgment as to whether we want to handle it and dispose of it, because the district court is not in a position to adjudicate very knowledgeably the value of the actions on appeal, because the district court may know everything, and I grant that, about the performance of counsel at the trial level, but it's not always the same counsel on appeal. So as an administrative matter, our practice per the rule has been, as Judge Watford said, we receive a petition for fees, and if we think it doesn't meet the finality requirement based on the panel's knowledge of the case and its effect, or we think it would be better off to combine it below. Well, I think the answer to that is simple, and that is under the Supreme Court's decisions in Willey and Kontrick, court rules can't limit the jurisdiction of district courts, or conferred by statute. And so here, Section 1988 certainly does not prohibit the district courts from awarding fees incurred on appeal, and there's nothing in Section 1988 that explicitly reserves the ability to award fees incurred on appeal to the court of appeals, and so therefore, the power remains with the district court to award those fees in any case. I think Rule 39-1.6 is best viewed as a rule of procedure only. In other words, a rule designed to help this court administer its docket and serve something similar to a statute of limitations. In other words, providing for any fee petitions that are going to be made to the court of appeals, to be made proximate to the time when the panel has actually heard the case and decided the case. Seeing that my time has nearly expired, I will sit down and reserve five seconds for rebuttal. Good morning again, Your Honors. Deirdre Marie Iha for the chair and members of the Hawaii Campaign Spending Commission. I will focus, as your questions have, on the issue to do with Rule 39. Your Honors, this is a legal issue. It's entirely resolved by existing and controlling precedent of this court. The Cummings case explicitly held that the district court cannot rule on a motion for fees on appeal. That discretion lies with this court. In terms of the burden, Your Honor, they could have requested a transfer. They could have done that quite easily. The same firm did so in the Family PAC case. Let me just focus you on the language of 39-1.62. Because I tend to agree with your opponent's argument that at the time you dismissed the appeal, what the rule requires is that they show that they were legally entitled to the fees. And I think the case law is pretty clear that just because you've won a victory at the plenary injunction stage, if that's where things stand, you're not entitled to fees under Section 1988 at that point. I don't think so, Your Honor. Watson from this court holds that a preliminary... That's where the person with the case was rendered moot. There has to be something that happens after the appellate victory at the preliminary injunction stage. I don't believe so, Your Honor. I apologize, of course. To ensure that the preliminary victory you've won is going to have some permanence. And at the point at which you dismissed your appeal, that wasn't true. I don't believe so, Your Honor. Your Honor, Watson is an interpretation of Buckhannon, which is the rule of judicial imprimatur. And Buckhannon clearly holds that you do not need to wait for a final judgment. Reading Watson that way would be the opposite of what Buckhannon holds. So Watson is an interpretation of Buckhannon. And Watson has already held that preliminary injunctions can qualify as the... But not by themselves is what I'm saying. There needs to be something else that happens after you win at the preliminary injunction stage to basically lock in the preliminary victory you won. I don't believe so, Your Honor. We just issued an opinion about three months ago that said exactly that. I apologize, Your Honor. I'm not aware of that opinion. But Watson says that the preliminary injunction qualifies as judicial imprimatur under Buckhannon. And that's half the equation. Right. The other half is that you have to have some legal permanence to the change in the relationship with the parties. Well, I think Your Honor's other question I think gets to that. In a constitutional case about a preliminary injunction, the likelihood of success on the merits is the only question that determines the answer of the day. After this Court had decided both Long Beach and Thalheimer, then it was a foregone conclusion that there would be a permanent injunction. That's what the district court described it as. And it was accurate. Our decision to dismiss the appeal, that document was filed by me. It doesn't say what our reasons are, but I will tell you as an officer of the court, I understood Thalheimer. I knew what it meant. I was the one who advised my clients that we should go ahead and attempt to stipulate to a permanent injunction. Right. We knew what it was done at that point for purposes of this circuit. And I don't think that it's realistic for them to say, oh, well, we might have lost, when there's like a couple of sentences and Thalheimer answers the question quite clearly. It's not a prediction question. It's a question of whether or not you have an order that makes it permanent. It can be very likely, it can be highly likely, but until you get that order, all you have is a preliminary injunction. Well, Your Honor, I represent the state of Hawaii, so if the court was to find a way to make it so preliminary injunctions never qualify under attorney's fees under Buckhannon, I think mostly that would be a benefit to us. I don't think that's what Watson says. I don't think Buckhannon says that. I think the judicial imprimatur, this decision less than four weeks before Hawaii's 2010 elections, enjoined the enforcement of a campaign finance law on constitutional grounds. The final decision that was issued, the only difference between the analysis is the addition of the cases that were decided in the interim. Everything else is exactly the same. So they described it as an oversight, and I appreciate their honesty in that, but it's not our job. We're not going to pay a penalty because they failed to comply with the rules, and I don't think that would be fair at all to other litigants to allow them to do that. Well, you don't pay a penalty. Well, how are you prejudiced in any way by their failure to comply with the rules? Well, at this point, given that we've had to put in resources to defend the attorney's fees appeal, I think that's probably a form of prejudice. But they describe it as an oversight. I can't think of any. You certainly are not claiming that they're not really entitled to the fees. They did win, right? No, and I was expecting them to file for appease a long time ago, and they didn't. But it's not my job to remind them what the court will say. So I think that's our position. Your Honors, I think Cummings and NRDC decide this case. Under Miller v. Gaminey, this panel may not overrule a prior ruling of this court. And to reach opposing counsel's conclusion regarding the application of Rule 39, you would have to overrule Cummings. Only an unbanked panel can do that. Give me a moment, please. I think I've hit the high points, Your Honor. If you have any other questions. I think in Cummings there had been a prior appeal that had gone through, and isn't that correct? And then they came back after the remand? Yes, there were two. It wasn't quite the same thing here. Not exactly, Your Honor, but the language of Cummings is quite clear. It says that the district court is not authorized to award attorney's fees for an appeal unless we transfer the fee request to the district court. That's a conclusion based on 39, but it still has to apply to the facts of the case. And the question is whether or not Cummings' factual situation is translatable to the situation here. Well, yes. I mean, it obviously does. In Cummings they had a judgment from the district court that was affirmed on appeal. At that point there's nothing else because you've got a district court judgment on appeal. But when we reverse, you haven't got a district court judgment. You know, you have a very good chance of a district court judgment at that point, but you don't actually have the judgment. Oh, I see, Your Honor. Well, I think it would depend on who was the appellant in that scenario. But if they would – You know, if you're going to say we're bound by it, you know, we're only bound by what they actually hold. We're not bound by – I believe that is the holding, Your Honor. It says the district court is not authorized to award attorney's fees unless – Well, the district court has a judgment. We affirm. At that point they have a final judgment. And at that point we have to transfer it back. But the question is, do they have a final judgment here? Not at the time, no. You're asking about the procedure of the case. But I believe that the holding cannot be so narrowly construed. It's a very – it's a general statement. You can just watch us. I shouldn't say cannot. It should not be so narrowly construed, right. Thank you, Your Honor. Are there any further questions? Well, let's say we disagree with your position on this. What should happen? Do we – is there further litigation that needs to happen on how much they're entitled to? Yeah, they say that there's no reductions necessary. We disagree. There's a footnote in the answering brief that we point to the filings that we made in the district court. We had briefed this in the alternative in the district court where we said it's completely barred, but if you award it there's all these other problems with it. So you could turn to the existing filings to show what our objections would be in terms of the propriety of the time that they've requested for the preliminary injunction appeal. Okay, thank you. Thank you very much. You have five seconds. Perhaps opposing counsel will grant you a minute of her time. Thank you. Are you familiar with the case of higher taste versus the city of Tacoma? I am not, Your Honor. Okay, then it doesn't – there's a line in there that says – no, my colleague, Judge Watford, can correct me if I'm wrong – that says plaintiff received relief that was as enduring as a permanent injunction. I'm talking in the context of mootness. Why would that standard apply here? I think not, Your Honor. I think the Supreme Court's decision in Sol v. Weiner squarely places this – squarely answers the question of when a preliminary injunction can secure relief sufficient to make a party a prevailing party. And there in Sol, if you recall, the Supreme Court had before it a plaintiff who had been awarded a preliminary injunction allowing her to present a particular display on a beach on a particular Valentine's Day in 2003. But at the same time, in her claim, she also sought to do similar expressive activity in the future, presumably similar displays in the future, if I may finish the answer to my question. There the Supreme Court said, well, that's fine. We understand that your initial 2003 display is irreversible and that can't be taken back. But despite that fact, you haven't won enough to be a prevailing party. Your success was merely fleeting, and the Court went so far as even to describe the plaintiff as having left the courthouse empty-handed. I think what comes away from that, particularly when combined with Watson, is the notion that to be a prevailing party based on a preliminary injunction, you have to secure an enduring change. And that means – and that's straight from the text of Weiner. But what that means is you have to secure all of the relief on which your claim for a preliminary injunction was based. So it's governed by how much you ask for. If she had only asked to do one Valentine's display in 2003 and she had won that, then she would have won enough. She'd be exactly the same plaintiff as Watson. But because she hadn't won all of that, it was insufficient to confer a prevailing party status. I would have expected you to file a 28-day letter mentioning higher taste. If you look at it, you'll see that it supports a lot of what you just said. Thank you. With that, we just ask that the Court would find that the district court has abused its discretion and increase the fee award according to the amount suggested in the briefs. Thank you. The side is 717F3-712. Thank you, Your Honor. With that, the case is signed. We're adjourned.
judges: Kozinski, Fisher, Watford